UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60614
Summary Calendar
_____


SHELBY STEELE,

                                    Petitioner-Appellant,

                        versus

EDWARD HARGETT, SUPERINTENDENT,
MISSISSIPPI STATE PENITENTIARY,

                                    Respondent-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Mississippi
(2:95-CV-041-B)

_____

March 14, 1996
Before KING, SMITH, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

     Shelby Steele, a Mississippi state prisoner, appeals the district court's dismissal of his federal habeas petition for failure to exhaust state remedies.  Finding that both claims in his petition are procedurally barred, we affirm the judgment of dismissal on alternate grounds.

     Shelby failed to present his claims of an involuntary guilty plea and ineffective assistance of counsel to the Mississippi

_____

[*]     Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Supreme Court before seeking federal habeas relief in accordance with 28 U.S.C. § 2254(b).  Nonetheless, he asserts that he has exhausted his state remedies because the three-year limitation period for seeking post-conviction relief in the Mississippi state courts has expired.  See § 99-39-5(2) of the Mississippi Uniform Post-Conviction Collateral Relief Act (PCRA).[1]  Steele is correct. In Sones v. Hargett, 61 F.3d 410, 416 (5th Cir. 1995), this Court recognized that when a claim is time barred under § 99-39-5(2), a petitioner "has technically exhausted all available state remedies."  However, we determined that when state remedies become unavailable due to the petitioner's own procedural default, federal courts are barred from reviewing the petitioner's claims.  Id. Relying on Sones, the Respondent contends that the dismissal should have been based on Steel's procedural default.  We agree.

In regard to Steele's claim of ineffective assistance of

---

[1]    The statute contains certain exceptions:

> Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the supreme court of either the state of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.  Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.

Section 99-39-5(2).  Additionally, an error that "affect[s] fundamental constitutional rights" provides an exception to the prescriptive bar of § 99-39-5(2).  Luckett v. State, 582 So.2d 428, 430 (Miss. 1991).

counsel, this Court recently has held that the § 99-39-5(2) renders such a claim procedurally barred. <u>Sones</u>, 61 F.3d at 416-17 (citing, <u>inter</u> <u>alia</u>, <u>Campbell v. State</u>, 611 So.2d 209 (Miss. 1992)). In regard to Steele's challenge to his guilty plea, the Mississippi Supreme Court has held that a claim that the petitioner's pleas of guilty were coerced, unintelligent, and involuntary was time barred by section 99-39-5(2). <u>Luckett v. State</u>, 582 So.2d 428, 429-30 (Miss. 1991). Accordingly, Steele's involuntary guilty plea claim is also procedurally barred. <u>See</u> <u>Sones</u>, 61 F.3d at 416-17.

For the foregoing reasons the judgment of the district court dismissing Steele's claims is AFFIRMED.